# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**CHARLES OLIVER,**                )
                                   )
    Petitioner,                )
                                   )
v.                                 )   Case No. CIV 2009-025-RAW-KEW
                                   )
**WALTER DINWIDDIE, Warden,**      )
                                   )
    Respondent.                )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner is challenging his misconduct conviction for Individual Disruptive Behavior 02-25, Preparing any Documentation Indicating an Attempt to Introduce Contraband into the Facility, and his resulting loss of earned credits while incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma.

Petitioner alleges that on September 22, 2007, Officer Horvat searched Inmate Pettit, and confiscated a "kite," which is a handwritten note. When petitioner learned that Inmate Pettit had been placed in segregation, he asked Officer Horvat if Inmate Pettit would be released from segregation if petitioner admitted the kite belonged to him. Officer Horvat advised that petitioner could not trade places with Inmate Pettit. Petitioner is claiming in this habeas action that there was no evidence to support his misconduct conviction, because he never actually admitted he wrote the note or that the note was his. In the alternative, he argues that even if he made the admission, there was no evidence the note posed a security threat to the facility.

The record shows that on September 23, 2007, prison staff discovered another inmate possessed a note from petitioner to petitioner's wife. The note directed the wife to obtain a small cell phone and charger, and the staff believed petitioner was attempting to smuggle a phone into the prison. According to the Offense Report, petitioner admitted to Officer Horvat that the note was his and that he had given it to Inmate Pettit. The Investigator's

Report indicates petitioner provided documentary evidence to the investigator, and petitioner received a photocopy or description of all evidence. The disciplinary hearing was held on September 27, 2007, with petitioner present. The hearing officer found petitioner guilty and imposed discipline, relying on petitioner's admission that he wrote the note requesting contraband be brought into the facility.

Petitioner appealed the outcome of the disciplinary hearing to the warden and the DOC Director, and he was denied final relief in his administrative appeal on November 8, 2007. He then sought judicial review in the state district court, but the court found he had received due process and denied relief. *Oliver v. Dep't of Corr.*, No. CJ-2008-2190 (Okla. County Dist. Ct. Mar. 26, 2008). Finally, he appealed to the Oklahoma Court of Criminal Appeals which also denied relief, finding petitioner had not shown the district court had erroneously denied relief or that he was denied due process. *Oliver v. Dep't Corr.*, No. REC 2008-0392 (Okla. Crim. App. July 10, 2008).

As set forth above, the state courts have determined that petitioner was afforded due process in his disciplinary proceedings. Habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due

2

process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

A review of the record indicates the requirements of *Wolff* were met in petitioner's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing. Therefore, the determination of petitioner's claim by the Oklahoma Court of Criminal Appeals was consistent with federal law. *See* 28 U.S.C. § 2254(d).

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED, and this action is in all respects, DISMISSED.

**IT IS SO ORDERED** this 24th day of October 2011.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE